UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE BROWN,

      Petitioner,

v.                                    CASE NO. 8:15-cv-1203-T-23EAJ

SECRETARY, Department of Corrections,

      Respondent.

_____/

# O R D E R

      Brown applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his 1967 state conviction for robbery with a firearm, for which he is imprisoned for life as a habitual felony offender. The application is a second or successive application without the requisite authorization from the circuit court.

      Brown's earlier challenge under Section 2254 was denied and the denial was affirmed on appeal in *Brown v. Wainwright*, 576 F.2d 1148 (5th Cir. 1978). Brown is precluded from pursuing a second or successive application without permission from the Eleventh Circuit Court of Appeals. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *Felker v. Turpin*, 518 U.S. 651, 664 (1996);

*Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999).  Brown must prove to the

circuit court that he is entitled to a second or successive application, and until he

obtains authorization to file a second or successive application, the district court lacks

jurisdiction to review the application.  *Burton v. Stewart*, 549 U.S.147, 157 (2007)

("Burton neither sought nor received authorization from the Court of Appeals before

filing his 2002 petition, a 'second or successive' petition challenging his custody, and

so the District Court was without jurisdiction to entertain it.").

Accordingly, the application for the writ of habeas corpus (Doc. 1) is

**DISMISSED** without prejudice.  The clerk must close this case.


### DENIAL OF BOTH A
### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Brown is not entitled to a certificate of appealability ("COA").  A prisoner

seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

denial of his application.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first

issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has

made a substantial showing of the denial of a constitutional right."  To merit a COA,

Brown must show that reasonable jurists would find debatable both (1) the merits of

the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C.

§ 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d

926, 935 (11th Cir 2001).  Because the application is clearly a second or successive

application, Brown is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in*

*forma pauperis* is **DENIED**.  Brown must obtain authorization from the circuit court

to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on May 28, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE